DAVID B. SHANIES LAW OFFICE
David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
joel@shanieslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADAM HAVENS,<br><br>                   Plaintiff,<br><br>— against —<br><br>THE HARTFORD FINANCIAL SERVICES<br>GROUP d/b/a THE HARTFORD,<br><br>                   Defendant. | JURY TRIAL DEMANDED<br><br>Index No. 18-CV-488<br><br>**COMPLAINT** |

Plaintiff Adam Havens files this Complaint against the above-captioned

Defendant and alleges as follows:

## NATURE OF THE ACTION

1.       Mr. Havens, a 46 year-old man suffering from Multiple Sclerosis ("MS"), brings

this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102 *et seq.* and

New York State Law, based on violations of Mr. Havens' rights under the ADA and New York

State Human Rights Law ("NYS HRL") by Defendant The Hartford Financial Services Group

d/b/a The Hartford ("The Hartford").

2.       The Hartford failed to provide, or even to consider, granting Mr. Havens leave as

a reasonable accommodation for his disability.  The Hartford also failed to engage in an

interactive process to determine the feasibility of providing leave as a reasonable accommodation.

3.     The Hartford, as a matter of policy and company practice, does not permit employees, including employees with disabilities, to take leave beyond their accrued annual leave together with any additional leave required under the Family Medical Leave Act ("FMLA").

4.     Faced with Mr. Havens' request for leave as a reasonable accommodation for his disability, The Hartford instead terminated his employment.

5.     Both the ADA and NYS HRL require an employer to provide reasonable accommodation to its disabled employees.  To do so, an employer is required to engage in an interactive process with an employee to discuss the precise nature of the employee's disability, how that disability is prompting a need for an accommodation, and what accommodation or accommodations might be effective in meeting the individual's needs.

6.     The Hartford did not engage in the interactive process with Mr. Havens.

7.     The ADA and NYS HRL likewise require an employer to make exceptions to its policies, including leave policies, if necessary to provide a reasonable accommodation to a disabled employee.

8.     Mr. Havens required such an accommodation because of his disability.  The Hartford failed to provide, or even to consider, providing such an accommodation.

9.     As the EEOC has emphasized:

> An employer must consider providing unpaid leave to an employee with a disability as a reasonable accommodation . . . even when: the employer does not offer leave as an employee benefit; the employee is not eligible for leave under the employer's policy; or the employee has exhausted the leave the employer provides as a benefit

(including leave exhausted under a workers' compensation program, or the FMLA or similar state or local laws).

EEOC, *Employer-Provided Leave and the Americans with Disabilities Act* (May 9, 2016) (*available at https://www.eeoc.gov/eeoc/publications/ada-leave.cfm*).

10.    The Hartford failed to consider any exception to its leave policies, instead informing Mr. Havens that it was terminating him "because" he "lack[ed] any source of job protection" under the FMLA and The Hartford's existing leave and benefits policies.

11.    Moreover, Mr. Havens had not, in in fact, exhausted his leave under the FMLA, and The Hartford improperly failed to approved FMLA leave.

12.    This action seeks relief under Federal and New York State law for The Hartford's violations of Mr. Havens' rights.

## JURISDICTION AND VENUE

13.    This action arises under the ADA, 42 U.S.C. §§ 12102 *et seq.*, the FMLA, 29 U.S.C. §§ 2911 *et seq.*, and under the laws of the State of New York.

14.    Jurisdiction lies in this Court under its federal question and supplemental jurisdiction, 28 U.S.C. §§ 1331 and 1367, and under 42 U.S.C. § 2000e-5(f)(3).

15.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1) and (c)(2) because Defendant The Hartford is subject to this Court's personal jurisdiction with respect to this action, including, *inter alia*, because The Hartford maintains offices, employs numerous employees, and regularly transacts substantial business within this District.

16.    The United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue dated December 15, 2017, which is less than 90 days from the filing of this Complaint.  The "Right to Sue" letter is attached hereto as Exhibit 1.

## PARTIES

17.     Plaintiff Adam Havens is an individual residing in New York.

18.     Defendant The Hartford Financial Services Group, Inc. is a Delaware Corporation

headquartered in Connecticut and registered to do business in the State of New York.

## GENERAL ALLEGATIONS

19.     Mr. Havens was an employee of The Hartford for fifteen years, from 2001

through his termination in 2016, working in the underwriting division.

20.     Mr. Havens invariably received positive performance reviews during his time as

an underwriter for The Hartford.  He was consistently among the top-performing employees

within his division.

21.     In or about 2014, Mr. Havens was diagnosed with MS, a serious disease which

disrupts the functioning of the nervous system and causes a variety of physical, mental, and

psychiatric impairments.

22.     Mr. Havens promptly informed The Hartford of his MS diagnosis and spoke with

his supervisors and colleagues at The Hartford about his condition many times in the ensuing

months.

23.     Following his diagnosis, from 2014 through the summer of 2016, Mr. Havens

struggled to work as much as possible in spite of his condition.

24.     In 2014, Mr. Havens missed approximately 35 days of work on account of his MS

symptoms.  At all times, Mr. Havens kept his supervisors at The Hartford informed of his status.

Mr. Havens' supervisors directed him to contact "HartLeave," a division at The Hartford

responsible for administering the company's leave policies.  Mr. Havens communicated with

4

administrators at HartLeave and provided The Hartford with medical documentation at their request.

25. The Hartford approved only one of Mr. Havens' days off as FMLA leave, deducted approximately 32 days from Mr. Havens' accrued paid time off ("PTO") and classified approximately two days as unpaid time off ("UTO").

26. In 2015, Mr. Havens missed approximately 72 days of work on account of his MS symptoms, including periods of hospitalization.  As before, Mr. Havens kept his supervisors and HartLeave apprised of his status and provided medical documentation at HartLeave administrators' request. The Hartford approved approximately 21 of Mr. Havens' days off as FMLA leave, deducted approximately six days from Mr. Havens' PTO, and classified the remaining missed work days as UTO (approximately 16 of which were covered by the Hartford-sponsored short-term disability ("STD") benefits program).

27. In or about the summer of 2016, Mr. Havens' MS symptoms worsened and required him to take a leave of absence.  He spoke to his supervisors who directed him to speak to human resources personnel about using FMLA leave or short-term disability benefits.  He did so.

28. Mr. Havens had not exhausted his FMLA leave.

29. Following that conversation, Mr. Havens spoke to his then-supervisor weekly to provide updates on his status.

30. In mid-July 2016, Mr. Havens' supervisor inquired as to when Mr. Havens expected to be able to return to work.  Mr. Havens responded that he was not certain when he would be medically capable of returning to work, and that he required additional medical leave.

31.     Because Mr. Havens had intended and wished to return to work, and because he expected The Hartford to work with him to provide a reasonable accommodation for his disability, Mr. Havens did not seek benefits under his long-term disability policy.

32.     In a letter dated July 14, 2016 (the "July 14 Letter"), Mr. Havens' supervisor told him that because he had used all of his available leave under The Hartford's leave policies, Mr. Havens lacked "any source of job protection" to cover any absence from work after June 9, 2016. The July 14 Letter stated that because Mr. Havens was "absent without job protection," his "employment with The Hartford is terminated effective immediately."

33.     The Company did not engage in any interactive process seeking to provide Mr. Havens with a reasonable accommodation during his employment at The Hartford.

34.     Mr. Havens was capable of returning to work with reasonable accommodations for his MS.

35.     On or about March 17, 2017, Mr. Havens filed a charge of discrimination with the EEOC.  On or about December 15, 2017, the EEOC dismissed his case to allow Mr. Havens to pursue this matter in court and issued a "Right to Sue" letter.

## FIRST CAUSE OF ACTION

### Discrimination and Failure to Provide Reasonable Accommodation
### in Violation of the Americans with Disabilities Act

### 42 U.S.C. §§ 12102 *et seq.*

36.     The foregoing paragraphs are incorporated fully herein by reference.

37.     The Hartford is subject to the ADA.

38.     Mr. Havens was disabled as a result of his MS.

39.     Mr. Havens was otherwise qualified to perform the essential functions of his job.

40.     Mr. Havens was fired from his job because of his disability.

41.     Mr. Havens requested from The Hartford a reasonable accommodation for his disability.

42.     Mr. Havens requested from The Hartford leave as a reasonable accommodation for his disability.

43.     The Hartford failed to provide a reasonable accommodation for Mr. Havens' disability.

44.     The Hartford failed even to consider authorizing leave as a reasonable accommodation for Mr. Havens' disability.

45.     The Hartford failed to engage in an interactive process to determine the feasibility of authorizing Mr. Havens' request for leave as a reasonable accommodation for his disability.

46.     Mr. Havens suffered damages as a result of The Hartford's failure to provide a reasonable accommodation for his disability and its termination of his employment, including, but not limited to, losses of back pay, front pay, and other benefits of employment.

## SECOND CAUSE OF ACTION

### Discrimination in Violation of the New York Human Rights Law

### Executive Law, Article 15

47.     The foregoing paragraphs are incorporated fully herein by reference.

48.     The Hartford is subject to the New York State Human Rights Law.

49.     Mr. Havens was disabled as a result of his MS.

50.     Mr. Havens was otherwise qualified to perform the essential functions of his job.

51.     Mr. Havens was fired from his job because of his disability.

52.     Mr. Havens requested from The Hartford a reasonable accommodation for his disability.

53.     Mr. Havens requested from The Hartford leave as a reasonable accommodation for his disability.

54.     The Hartford failed to provide a reasonable accommodation for Mr. Havens' disability.

55.     The Hartford failed even to consider providing leave as a reasonable accommodation for Mr. Havens' disability.

56.     The Hartford failed to engage in an interactive process to determine the feasibility of providing Mr. Havens with leave as a reasonable accommodation for his disability.

57.     Mr. Havens suffered damages as a result of The Hartford's failure to provide a reasonable accommodation for his disability and its termination of his employment, including, but not limited to, losses of back pay, front pay, and other benefits of employment.

**THIRD CAUSE OF ACTION**

**Interference and Termination in Violation of the Family Medical Leave Act**

**29 U.S.C. §§ 2601 *et seq.***

58.     The foregoing paragraphs are incorporated fully herein by reference.

59.     Mr. Havens sought to utilize the protections of the FMLA.

60.     Mr. Havens was qualified for his position, as evidenced by his excellent 15-year career.

61.     Mr. Havens sought to use leave to which he was entitled under the FMLA.

62.     Mr. Havens was denied the ability to use the leave to which he was entitled under the FMLA.

63.     Mr. Havens was terminated after trying to utilize the protections of the FMLA.

64.    Mr. Havens suffered damages as a result, including, but not limited to, losses of back pay, front pay, and other benefits of employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

a.    Compensatory damages in an amount to be determined at trial;

b.    Lost wages, interest, and liquidated damages pursuant to 29 U.S.C § 2617;

c.    Reasonable attorneys' fees and costs under 42 U.S.C § 12205;

d.    Such other relief as the Court may deem appropriate.

Dated: New York, New York
       January 19, 2018


By: _____
DAVID B. SHANIES LAW OFFICE
David B. Shanies
Joel A. Wertheimer
411 Lafayette Street, Sixth Floor
New York, New York 10003
(212) 951-1710 (Tel)
(212) 951-1350 (Fax)
david@shanieslaw.com
joel@shanieslaw.com